UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CUMMINS INC.<br><br>Defendant. | Case No. 1:24-cv-00088-APM |

## STATUS REPORT

The United States files this Status Report in response to the Court's March 6 Minute Order directing the parties to "update the court . . . concerning the comment period [on the proposed Consent Decree lodged in this case] and propose a schedule for further proceedings, if appropriate." The United States consulted with the State of California and Defendant Cummins Inc. ("Cummins") before submitting this report.

<u>Brief Background</u>

This case concerns alleged violations of motor vehicle emission control and disclosure requirements under the Clean Air Act and corresponding California laws associated with domestic sales of nearly one million RAM 2500 and 3500 pickup trucks equipped with diesel engines made by Cummins.

On January 10, 2024, the United States filed the Complaint in this case and simultaneously lodged a proposed Consent Decree – among the United States, the State of California, and Cummins – that would resolve this case on agreed terms and conditions (the "Joint Consent Decree"). On the same day, California – acting by and through the California Air Resources Board ("CARB") and the California Attorney General – filed a separate

Complaint and a companion California Partial Consent Decree in a related case captioned *People of the State of California v. Cummins Inc.*, No. 1:24-cv-00090-APM (D.D.C.). California also filed an unopposed motion to consolidate the two related cases, which is ripe for decision.

Taken together, the proposed Joint Consent Decree and the California Partial Consent Decree would require that Cummins: (1) pay a $1.675 billion civil penalty to resolve the alleged violations; and (2) take various steps to remedy the alleged violations – at an estimated cost of more than $325 million – including conducting vehicle recall campaigns to replace the software in 2013-2019 RAM trucks and satisfying mitigation requirements to offset the excess emissions of nitrogen oxides ("$NO_X$") from those trucks.

In accordance with a policy codified at 28 C.F.R. § 50.7, the U.S. Department of Justice solicited public comments on the proposed Joint Consent Decree for a 30-day period that commenced upon publication of a notice in the *Federal Register* and closed on February 16. 89 Fed. Reg. 2,983 (Jan. 17, 2024). Three sets of comments were received from: (1) the Chicago Metropolitan Agency for Planning; (2) the Wisconsin Department of Natural Resources; and (3) an *ad hoc* coalition of eight state Attorneys General. Copies of those comments are attached to this Status Report as Exhibit 1-3.

The first two comments express general support for the mitigation projects outlined in the Joint Consent Decree, which would require Cummins to complete an array of diesel locomotive emission reduction projects to offset the alleged excess $NO_X$ emissions from its truck engines. The comments also urged that those projects be centered "near Environmental Justice communities, where disproportionate exposure to air pollution is of increased concern." ECF 11-1 at 2; ECF 11-2 at 1-2.

The comments from the eight state Attorneys General ask either for a renegotiation of the proposed settlement to include their states or an acknowledgment that "the Consent Decree does not resolve [their] states' legal claims against Cummins for the alleged violations, including [their] consumer protection laws." ECF 11-3 at 2-3.

Paragraph 130 of the proposed Joint Consent Decree defines the parties' roles regarding the consideration of public comments as follows:

> The United States reserves the right to withdraw or withhold its consent if the comments regarding this Consent Decree disclose facts or considerations indicating that this Consent Decree is inappropriate, improper, or inadequate. CARB reserves the right to withdraw or withhold its consent if the United States does so. Cummins consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of this Consent Decree, unless the United States has notified Cummins in writing that it no longer supports entry of this Consent Decree.

ECF No. 2-1 at 96.

Current Status and Next Steps

The United States expects to complete its consideration of the public comments and its related inter-governmental consultations within the next few weeks. Thus, by no later than March 22, 2024, the United States proposes to file either a motion for approval and entry of the Joint Consent Decree or an additional Status Report with an update for the Court. The United States sees no need for the Court to set any other schedules for further proceedings at this time.

If the United States moves for approval and entry of a proposed consent decree in a case like this, the government's court filings normally address any points raised by public comments and justify the request for entry of the consent decree as a final judgment. Based on those filings, the court should then confirm that the proposed consent decree "fairly and reasonably resolves the controversy in a manner consistent with the public interest," while giving due deference to the settlement terms negotiated by the government. *United States and the State of California v.*

3

*Daimler AG, et al.*, No. 20-cv-2564-EGS, 2021 WL 878894, *3-4 (D.D.C. Mar. 9, 2021) (Clean Air Act motor vehicle emissions case); *accord United States and the State of California v. Hyundai Motor Co.*, 77 F. Supp. 3d 197, 199 (D.D.C. 2015) (same). An evidentiary hearing is *not* required to evaluate a proposed settlement of an environmental enforcement action brought by the government. *See United States v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1085 (1st Cir. 1994) ("requests for evidentiary hearings are, for the most part, routinely denied – and properly so – at the consent decree stage in environmental cases"); *accord United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040 (8th Cir. 1992).

Conclusion

The United States respectfully requests that the Court allow the United States to file either a motion for approval and entry of the proposed Joint Consent Decree or an additional Status Report with an update for the Court by no later than March 22, 2024. California and Cummins support this request.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated: March 8, 2024

*s/ Randall M. Stone*
NICHOLAS A. McDANIEL
RANDALL M. STONE, D.C. Bar # 428003
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC  20044-7611
(202) 514-0096 (McDaniel)
(202) 514-1308 (Stone)